# United States Court of Appeals for the Fifth Circuit

———————————

No. 23-20399
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
July 1, 2024

Lyle W. Cayce
Clerk

Esther Darnell,

> *Plaintiff—Appellant*,

*versus*

Department of Justice, Drug Enforcement Administration; William P. Barr, *U.S. Attorney General*; Timothy Shea, *Acting Administrator of* the Drug Enforcement Administration,

> *Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:20-CV-4143

———————————————————————

Before Elrod, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Esther Darnell, a black woman, worked as an independent contractor in the United States Drug Enforcement Agency (DEA) office in Jackson, Mississippi, until her position was closed and relocated to Little Rock,

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-20399

Arkansas, in 2015 due to an increase in cases in Little Rock. She alleges that, because of her race, she was not paid for overtime work, her contract was improperly terminated, and she was "segregated or classified" separately from other DEA team members. She alleges these actions violated Title VII. The district court granted summary judgment to the defendants.[1]

On appeal, Darnell raises five issues: She claims the district court (1) abused its discretion by accepting DEA's notice of discovery compliance, (2) used the wrong comparator to evaluate Darnell's termination claim, (3) failed to consider her overtime pay claims under the continuing violations doctrine, (4) erred in denying Darnell's substantive overtime pay claim, and (5) failed to investigate allegedly fraudulent emails. We review the grant of summary judgment de novo, and we may affirm on any ground supported by the record. *Wantou v. Wal-Mart Stores Tex., LLC*, 23 F.4th 422, 430 (5th Cir. 2022).

To maintain her Title VII claims, Darnell must "establish a *prima facie* case of discrimination." *Septimus v. Univ. of Houston*, 399 F.3d 601, 609 (5th Cir. 2005). To make this showing, Darnell must show she "was replaced by someone outside [her] protected class, or that other similarly situated persons were treated more favorably." *Id.*; *see also McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). Darnell has presented no facts suggesting she was treated differently from another independent contractor—she was the only one in her work group. And she was not replaced at all—her position was closed. Darnell's claims, including her overtime pay claim, therefore fail

_____

[1] Darnell also sued two contractor companies and alleged a claim under 42 U.S.C. § 1981. The district court dismissed those claims at other points in the litigation, and they are not part of this appeal.

No. 23-20399

for substantially the same reasons explained by the magistrate judge and adopted by the district court.

Finally, the district court did not abuse its discretion by requesting and accepting Defendants' notice of discovery compliance: Defendants had reasonably complied with Darnell's requests as directed by the court.

AFFIRMED.